C. Renée Manes
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204
Tel. (503) 326-2123
Fax (503) 326-5524
E-mail: Renee_Manes@fd.org
Attorney for Petitioner

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DAVID BENJAMIN LONG,** | Case No.: 6:18-cv-01798-SB |
| Petitioner, | |
| v. | **PETITIONER'S MOTION TO SUBSTITUTE RESPONDENT, SERVE THE DEPARTMENT OF JUSTICE, AND SET A SCHEDULING ORDER FOR FURTHER FILINGS BY THE STATE** |
| **SOPHIE P. POLONSKY, and JEFF WOOD**, | |
| Respondents. | |

## I.  INTRODUCTION

The petitioner, through his attorney, C. Renée Manes, respectfully moves this Court to substitute the State of Oregon as the Respondent in interest in this matter, serve the action on the Oregon Department of Justice as counsel for the State, and

schedule a period of sixty (60) days for the State to file any further exhibits or responses to the Petition.

**Local Rule 7.1 Statement:** Prior to filing this motion, counsel consulted with Marion County Assistant Legal Counsel Joseph Miller and Assistant Attorney General Kristin Boyd. As discussed below, counsel had agreed that this would be the appropriate course of action once Mr. Long was no longer on probation. Counsel for Mr. Long believe that he has now completed his probationary sentence. While counsel attempted to confirm this fact with Mr. Miller, Mr. Miller has not yet responded to counsel's inquiry. Therefore, counsel for Mr. Long are unaware of whether this motion will be unopposed.

## II.  STATEMENT OF FACTS

Mr. Long is challenging his conviction in the case of *State v. David Benjamin Long*, Marion County Circuit Court Case No.: 13C45165. In that matter Mr. Long was convicted of Encouraging Child Sex Abuse in the first degree. The sentence imposed was 60 months probation, as set forth in an amended judgment issued *nunc pro tunc* on May 9, 2014. (See Clerk's Record 14-1, State's Exhibit 101, Judgement.)

Mr. Long filed his Petition for Writ of Habeas Corpus on October 10, 2018 (CR 1). Mr. Long was ordered to amend his petition to name his state probation officer and the Marion County Sheriff's Office as Respondents (CR 3), and did so on November 2, 2018. (CR 5.)

On January 25, 2019, the Respondent filed an Answer and Exhibits through Mr. Joseph Miller, a County Counsel for Marion County. (CR 14.) In that Answer Mr. Miller raised the issue of whether the Respondent was properly named, and whether the true Respondent-in-Interest should be the State of Oregon.

As a result of the statements in the Answer, counsel for Mr. Long conferred with Mr. Miller and Ms. Kirsten Boyd, an Assistant Attorney General with the Oregon Department of Justice, regarding who is the appropriate Respondent. Counsel agreed that once Mr. Long completed probation, which was expected to be on May 9, 2019, that the appropriate Respondent would become the State of Oregon, and that it would be appropriate for the Department of Justice to represent the State's interests. Further, Ms. Boyd stated that the State would want an additional period of sixty (60) days to ensure that the filings on behalf of Respondent were complete.

### III. STATEMENT OF THE LAW

An individual must be "in custody" at the time that they file for federal habeas relief from their conviction and sentence. 28 U.S.C. § 2241(c); 28 U.S.C. § 2254(a); *Hensley v. Mun. Court,* 411 U.S. 345, 350-51 (1973). Being on probation or parole as a result of a sentence for the challenged conviction meets the "in custody" requirement. *Woodall v. Beauchamp,* 450 Fed. Appx. 655, 656 (9th Cir. 2011), citing *Carafas v. LaVallee,* 391 U.S. 234 (1968) and *Jones v. Cunningham,* 371 U.S. 236 (1963).

Further, courts have begun to recognize that sex offender registration restrictions that are currently placed on individuals convicted of sexually-related crimes are sufficiently restrictive restraints on liberty to constitute custody for habeas purposes. *Piasecki v. Court of Common Pleas, Bucks Cty., PA*, 917 F.3d 161 (3d Cir. 2019). More importantly, such collateral consequences for a conviction means that a habeas corpus petition does not become moot on the termination of a sentence or period of direct supervision. *Wood v. Hall*, 130 F.3d 373, 376 (9th Cir. 1997); *Chacon v. Wood*, 36 F.3d 1459, 1463 (9th Cir. 1994).

## IV.  ANALYSIS AND ARGUMENT

Mr. Long was in custody at the time he filed his federal habeas petition, by virtue of being on probation for his conviction. While his probation is now complete, his claims are not moot because of the numerous collateral consequences of his conviction – some of which are the rather onerous requirements of sex offender registration.

However, as Mr. Long is no longer on probation, his Probation Officer is no longer the appropriate Respondent under Rule 2 of Rules Governing Section 2254 Cases in the United States District Courts. Instead, the Respondent should be the State of Oregon, represented by its counsel the Department of Justice, which is the entity responsible for defending the validity of the conviction of Mr. Long.

Accordingly, Mr. Long requests that this Court allow him to substitute the State of Oregon as Respondent, and then serve the Department of Justice on behalf of the

State of Oregon. Finally, Mr. Long reports that counsel for the State of Oregon would like an additional period of sixty (60) days to consider any further appropriate response.

## IV.  CONCLUSION

For the reasons presented herein, Mr. Long requests that this Court substitute the State of Oregon as Respondent, serve the Department of Justice on behalf of the State of Oregon, and issue a scheduling order granting the State of Oregon an additional period of sixty (60) days to file any further response to the Petition for Writ of Habeas Corpus.

RESPECTFULLY SUBMITTED this 28th day of May, 2019.

>  /s/ C. Renée Manes
> C. Renée Manes
> Attorney for Petitioner

## CERTIFICATE OF SERVICE

I hereby declare that on May 28, 2019, in addition to serving Marion County Assistant Legal Counsel Joseph Miller through the ECF system, I emailed a copy of the attached filing to Assistant Attorney General Kristin Boyd.  Ms. Boyd is an Assistant Attorney General in the Oregon Department of Justice with whom I have been communicating regarding the appropriate Respondent in this matter.

Sworn this 28th day of May, 2019, at Portland, Oregon.

                                               _/s/ C. Renée Manes_
                                               C. Renée Manes